IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION
No. 7:17-CR-35-D

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| MITCHELL RAY LOCKLEAR, | ) | |
| | ) | |
| Defendant. | ) | |

On January 10, 2023, Mitchell Ray Locklear ("Locklear" or "defendant") moved pro se for compassionate release under the First Step Act ("First Step Act"), Pub. L. No. 115-391, § 603(b), 132 Stat. 5194, 5238–41 (2018) (codified as amended at 18 U.S.C. § 3582) [D.E. 731] and filed a memorandum in support and exhibits [D.E. 731-1, 731-2, 731-3, 731-4, 731-5, 732]. That same day, Locklear moved to seal Exhibit B [D.E. 733]. On April 6, 2023, the United States responded in opposition [D.E. 746]. On April 7, 2023, Locklear replied [D.E. 749]. As explained below, the court grants Locklear's motion to seal and denies Locklear's motion for compassionate release.

I.

Locklear was a major drug trafficker in North Carolina. From 2002 until March 16, 2017, Locklear was responsible for distributing at least 7,372 kilograms of marijuana and 77 kilograms of cocaine. See Presentence Investigation Report ("PSR") [D.E. 340] ¶ 80. As part of Locklear's drug trafficking, Locklear possessed multiple firearms, including several assault rifles with high-capacity magazines. See id. Locklear also was the leader of a criminal activity that involved five or more participants. See id.

On August 21, 2017, pursuant to a written plea agreement, Locklear pleaded guilty to conspiracy to distribute and possess with intent to distribute cocaine, cocaine base ("crack"), and marijuana. See [D.E. 18, 203, 207, 416]. On February 7, 2018, the court held Locklear's sentencing hearing and adopted the facts set forth in the PSR. See [D.E. 352, 366, 367, 417]; Fed. R. Crim. P. 32(i)(3)(A)–(B). The court calculated Locklear's total offense level to be 37, his criminal history category to be I, and his advisory guideline range to be 210 to 262 months' imprisonment. See [D.E. 367] 1; [D.E. 417] 5. After granting the United States' downward departure motion and thoroughly considering all relevant factors under 18 U.S.C. § 3553(a), the court sentenced Locklear to 180 months' imprisonment. See [D.E. 366] 2; [D.E. 417] 6–17. The court also announced that even if it miscalculated the advisory guideline range, then it would impose the same sentence as an alternative variant sentence. See [D.E. 417] 18. Locklear appealed. See [D.E. 386]. On December 20, 2018, the United States Court of Appeals for the Fourth Circuit enforced the appellate waiver in Locklear's plea agreement and dismissed Locklear's appeal. See [D.E. 533, 534].

On June 4, 2019, Locklear moved pro se under 28 U.S.C. § 2255 to vacate, set aside, or correct his 180-month sentence [D.E. 561]. On October 6, 2021, the court dismissed Locklear's section 2255 motion [D.E. 725].

On November 23, 2020, Locklear moved pro se for compassionate release [D.E. 669]. On October 6, 2021, the court entered a comprehensive order and denied Locklear's motion [D.E. 725].

II.

Under 18 U.S.C. § 3582(c)(1)(A), a court may reduce a defendant's term of imprisonment if (1) "extraordinary and compelling reasons warrant such a reduction" or (2) "the defendant is at least 70 years of age, has served at least 30 years in prison," and the Director of the Bureau of Prisons ("BOP") has determined the defendant is not a danger to another person or the community.

2

18 U.S.C. § 3582(c)(1)(A); see United States v. Hargrove, 30 F.4th 189, 194 (4th Cir. 2022); United States v. High, 997 F.3d 181, 185–86 (4th Cir. 2021); United States v. Kibble, 992 F.3d 326, 330 (4th Cir.) (per curiam), cert. denied, 142 S. Ct. 383 (2021); United States v. McCoy, 981 F.3d 271, 275–77 (4th Cir. 2020). A section 3582(c)(1)(A) sentence reduction must comport with the 18 U.S.C. § 3553(a) factors and applicable Sentencing Commission policy statements. See 18 U.S.C. § 3582(c)(1)(A); Hargrove, 30 F.4th at 194.

Before filing a motion under 18 U.S.C. § 3582(c)(1)(A), a defendant must "fully exhaust[] all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier." 18 U.S.C. § 3582(c)(1)(A); see United States v. Ferguson, 55 F.4th 262, 268 (4th Cir. 2022). This requirement is nonjurisdictional, and the United States' waives a defense based on section 3582(c)(1)(A)'s exhaustion requirements if the government does not timely raise it. See United States v. Muhammad, 16 F.4th 126, 129–30 (4th Cir. 2021).

When considering a defendant's compassionate release motion, the court determines whether extraordinary and compelling circumstances exist and whether, in the court's discretion, those circumstances warrant relief in light of relevant factors in 18 U.S.C. § 3553(a) and applicable Sentencing Commission policy statements. See Hargrove, 30 F.4th at 194–95; High, 997 F.3d at 186; Kibble, 992 F.3d at 330–32. In evaluating the section 3553(a) factors, the court considers, inter alia, the nature and circumstances of the offense, the history and characteristics of the defendant, a defendant's post-sentencing conduct, the need to deter criminal behavior, the need to promote respect for the law, and the need to protect the public. See 18 U.S.C. § 3553(a); Chavez-Meza v. United States, 138 S. Ct. 1959, 1966–68 (2018); Pepper v. United States, 562 U.S. 476, 480–81 (2011); High, 997 F.3d at 186; Kibble, 992 F.3d at 331–32; United States v. McDonald, 986 F.3d

3

402, 412 (4th Cir. 2021); United States v. Martin, 916 F.3d 389, 398 (4th Cir. 2019). Although a court considers a defendant's post-sentencing conduct, rehabilitation alone is not an extraordinary and compelling reason for a sentence reduction. See 28 U.S.C. § 994(t); U.S.S.G. § 1B1.13 cmt. n.3; McCoy, 981 F.3d at 286 n.9.

No Sentencing Commission policy statement currently applies to a defendant's compassionate release motion. See Hargrove, 30 F.4th at 194; High, 997 F.3d at 186; Kibble, 992 F.3d at 330–31; McCoy, 981 F.3d at 281–82. U.S.S.G. § 1B1.13 is a policy statement that applies to compassionate release motions filed by the BOP Director. Nonetheless, section 1B1.13 "remains helpful guidance even when motions are filed by defendants." McCoy, 981 F.3d at 282 n.7; see Hargrove, 30 F.4th at 194. Application Note 1 of U.S.S.G. § 1B1.13 lists several extraordinary and compelling circumstances, including (A) a defendant's serious medical condition, (B) a defendant's age, when coupled with serious physical or mental deterioration due to age and having served 10 years or 75 percent of his or her sentence, (C) certain family circumstances in which a defendant's minor children or incapacitated spouse or registered partner would otherwise have no caregiver, or (D) any other extraordinary and compelling reason. See U.S.S.G. § 1B1.13 cmt. n.1(A). "[A]n extraordinary and compelling reason need not have been unforeseen at the time of sentencing in order to warrant" a sentence reduction. Id. § 1B1.13 cmt. n.2.

Locklear submitted written requests for compassionate release to his warden on September 14, 2020. See [D.E. 731-2] 2–4. On October 2, 2020, his warden denied the request. See id. at 5. On October 13, 2020, Locklear again requested early release from his warden. See id. at 6–7. On October 19, 2020, his warden denied the request. See id. at 11. The United States argues that Locklear's requests to his warden concerned his first motion for compassionate release and that Locklear has not administratively exhausted. See [D.E. 746] 16–17. The court assumes without

4

deciding that Locklear has administratively exhausted and proceeds to the merits. See Ferguson, 55 F.4th at 268; Muhammad, 16 F.4th at 129–30.

Locklear seeks compassionate release pursuant to section 3582(c)(1)(A) and cites the COVID-19 pandemic, the condition in prison, his medical conditions (COPD, diabetes, obesity, hypertension, and hyperlipidemia), his age (60), his release plan, his alleged low risk of recidivism, and his family circumstances. See [D.E. 731-1] 6–22.

As for the "medical condition of the defendant" policy statement, the policy statement requires that the defendant be "suffering from a serious physical or medical condition . . . that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover." U.S.S.G. § 1B1.13 cmt. n.1(A)(ii). Locklear is obese and has COPD, diabetes, hypertension, and hyperlipidemia. See [D.E. 731-1] 6–22; [D.E. 732]. Locklear's medical conditions are under control. See [D.E. 732].

Locklear argues that his medical conditions put him at heightened risk of serious infection or death from COVID-19. See [D.E. 731-1] 6–22. Locklear, however, received two doses of the Moderna COVID-19 vaccine. See [D.E. 732] 48. The vaccine provides protection. See, e.g., United States v. Jacques, No. 20-3276, 2022 WL 894695, at *2 (2d Cir. Mar. 28, 2022) (unpublished); United States v. Scalea, No. 21-2631, 2022 WL 795425, at *1 (3d Cir. Mar. 15, 2022) (unpublished) (noting that although "vaccination does not rule out reinfection . . . this does not diminish that vaccination mitigates the risk of COVID-19 complications"); United States v. Shettler, No. 21-10484, 2022 WL 620311, at *4 (11th Cir. Mar. 3, 2022) (per curiam) (unpublished); United States v. Ibarra, No. 21-10255, 2022 WL 229198, at *1 (9th Cir. Jan. 25, 2022) (unpublished); United States v. Lemons, 15 F.4th 747, 751 (6th Cir. 2021) ("And following full vaccination, it is now well understood, both the likelihood of contracting COVID-19 and the associated risks should

5

one contract the virus are significantly reduced" so that "an inmate largely faces the same risk from COVID-19 as those who are not incarcerated."); United States v. Hald, 8 F.4th 932, 936 n.2 (10th Cir. 2021) (noting "there is certainly room for doubt" that being fully vaccinated or being offered a vaccine "would support a finding of 'extraordinary and compelling reasons'" justifying compassionate release), cert. denied, 142 S. Ct. 2742 (2022); United States v. Broadfield, 5 F.4th 801, 803 (7th Cir. 2021) ("[F]or the vast majority of prisoners, the availability of a vaccine makes it impossible to conclude that the risk of COVID-19 is an 'extraordinary and compelling' reason for immediate release."); United States v. Baeza-Vargas, 532 F. Supp. 3d 840, 843–46 (D. Ariz. 2021) (collecting cases showing the "growing consensus" of district courts that have ruled that an inmate receiving a COVID-19 vaccine "weighs against a finding of extraordinary and compelling circumstances"); cf. United States v. Petway, No. 21-6488, 2022 WL 168577, at *2 (4th Cir. Jan. 19, 2022) (per curiam) (unpublished). And the wide availability of COVID-19 vaccines greatly diminishes the risk to Locklear from COVID-19 whether he is in prison or not. See, e.g., Scalea, 2022 WL 795425, at *1; Ibarra, 2022 WL 229198, at *1; Lemons, 15 F.4th at 751; Hald, 8 F.4th at 936 n.2; Broadfield, 5 F.4th at 803; Baeza-Vargas, 532 F. Supp. 3d at 843–46.

Besides the heightened risk of COVID-19 infection due to the condition in prison, Locklear does not otherwise allege that the BOP is not treating and monitoring his medical conditions or that he is unable to provide self-care while incarcerated. Moreover, arguments based on generalizations about the spread of COVID-19 in prison have considerably less force given the wide availability of COVID-19 vaccines, the current medical conditions at FCI Jesup where Locklear is incarcerated, and BOP's extensive efforts to control and contain COVID-19. See Bureau of Prisons, BOP's COVID-19 Response, https://www.bop.gov/coronavirus/overview.jspbop_covid-19_response (last visited May 2, 2023). Therefore, reducing Locklear's sentence because of his risk factors and the general

6

risk of COVID-19 in prison does not comport with application note 1(A). See 18 U.S.C. § 3582(c)(1)(A).

As for the "age of the defendant" policy statement, extraordinary and compelling reasons exists when "[t]he defendant (i) is at least 65 years old; (ii) is experiencing a serious deterioration in physical or mental health because of the aging process; and (iii) has served at least 10 years or 75 percent of his or her term of imprisonment, whichever is less." Locklear is 60 years old. The only issue that Locklear cite associated with his age is the increased risk of COVID-19 for individuals 65 years old and older. See [D.E. 744] 11. On this record, Locklear has not shown that reducing his sentence comports with application note 1(B). See 18 U.S.C. § 3582(c)(1)(B).

As for the "family circumstances" policy statement, the policy statement requires "[t]he death or incapacitation of the caregiver of the defendant's minor child or minor children" or "[t]he incapacitation of the defendant's spouse or registered partner when the defendant would be the only available caregiver for the spouse or registered partner." U.S.S.G. § 1B1.13 cmt. n.1(C). Locklear argues that "the support of his vast family and tribal nation" present extraordinary and compelling circumstances. See [D.E. 744] 21. On this record, Locklear has not shown that reducing his sentence comports with application note 1(C). See 18 U.S.C. § 3582(c)(1)(C).

As for the "other reasons" policy statement, the court assumes without deciding that the COVID-19 pandemic, the condition in prison, Locklear's medical conditions, his age, his release plan,[1] his alleged low risk of recidivism, and his family circumstances are compelling reasons under section 3582(c)(1)(A). Cf. United States v. Raia, 954 F.3d 594, 597 (3d Cir. 2020) ("[T]he mere

---

[1] Locklear's release plan consists of returning to Maxton, North Carolina to live with his son, Chris. See [D.E. 773-4] 2. He plans on working for Chris's construction company, applying for disability and Medicaid or Medicare, and receiving transportation from his granddaughter, Keli. See id. at 2–5.

7

existence of COVID-19 in society and the possibility that it may spread to a particular prison alone cannot independently justify compassionate release, especially considering BOP's statutory role, and its extensive and professional efforts to curtail the virus's spread."). However, the section 3553(a) factors counsel against reducing Locklear's sentence. See Concepcion v. United States, 142 S. Ct. 2389, 2404 (2022); United States v. Troy, 64 F.4th 177, 185 (4th Cir. 2023); United States v. Reed, 58 F.4th 816, 821–24 (4th Cir. 2023); Hargrove, 30 F.4th at 194–95, 198–200; High, 997 F.3d at 186; Kibble, 992 F.3d at 331–32.

As for Locklear's history and characteristics, Locklear is 60 years old and engaged in serious criminal conduct from 2002 to 2017. See PSR ¶¶ 25–80. Locklear led a large drug trafficking organization in Robeson County that trafficked narcotics from Mexico. See id. at ¶¶ 25, 27, 33. Locklear is accountable for 7,372 kilograms of marijuana and 77 kilograms of cocaine. See id. at ¶ 80. Locklear possessed dozens of firearms, including assault rifles with high capacity magazines, in connection with his drug trafficking activities. See id. at ¶¶ 49, 80. Locklear is a violent recidivist with convictions for assault on a female, maintaining a vehicle, dwelling, or place for controlled substances, possession of marijuana, and communicating threats (two counts). See id. at ¶¶ 85–88. Nonetheless, Locklear has taken some positive steps while incarcerated and has a supportive family. See [D.E. 731-3, 731-4]; [D.E. 744] 19–24; see also Pepper, 562 U.S. at 491; High, 997 F.3d at 187–91; Chambers, 956 F.3d at 671–75; McDonald, 986 F.3d at 412; Martin, 916 F.3d at 398.

The court must balance Locklear's performance in federal custody against his appalling and violent criminal conduct, criminal history, the need to punish him, the need to promote respect for the law, the need to protect society, and the need to deter others. Cf. Concepcion, 142 S. Ct. at 2403–04; Pepper, 562 U.S. at 480–81; Troy, 64 F.4th at 185; Reed, 58 F.4th at 821–24; United States v. Roane, 51 F.4th 541, 551–52 (4th Cir. 2022); High, 997 F.3d at 187–91; McDonald, 986

8

F.3d at 412; Martin, 916 F.3d at 398. The court also has considered the condition in prison, Locklear's medical conditions, his age, his release plan, his alleged low risk of recidivism, and his family circumstances.

Having considered the entire record, the extensive steps that the BOP has taken to address COVID-19, the section 3553(a) factors, Locklear's arguments, the United States' persuasive response, the need to punish Locklear for his serious criminal behavior, to incapacitate Locklear, to promote respect for the law, to deter others, and to protect society, the court denies Locklear's motion for compassionate release. See, e.g., Concepcion, 142 S. Ct. at 2403–04; Chavez-Meza, 138 S. Ct. at 1966–68; Pepper, 562 U.S. at 480–81; Troy, 64 F.4th at 185; Reed, 58 F.4th at 821–24; Roane, 51 F.4th at 551–52; Hargrove, 30 F.4th at 198–200; Kibble, 992 F.3d at 331–32; High, 997 F.3d at 187–91; United States v. Ruffin, 978 F.3d 1000, 1008–09 (6th Cir. 2020); United States v. Chambliss, 948 F.3d 691, 693–94 (5th Cir. 2020); United States v. Hill, No. 4:13-CR-28, 2020 WL 205515, at *2 (E.D.N.C. Jan. 13, 2020) (unpublished), aff'd, 809 F. App'x 161 (4th Cir. 2020) (per curiam) (unpublished).

III.

In sum, the court DENIES defendant's motion for compassionate release [D.E. 731] and GRANTS defendant's motion to seal [D.E. 733].

SO ORDERED. This 2· day of May, 2023.

                                                              JAMES C. DEVER III
                                                              United States District Judge